## PIKE ET AL. v. DALY ET AL.

In an action for the mesne profits, the expenses of the ejectment, beyond those embraced in the taxed costs, such as fees paid to counsel, cannot be included in the damages.

On rule to show cause.    From the Monmouth Circuit.

Argued at June Term, 1891, before BEASLEY, CHIEF JUSTICE, and Justices KNAPP, VAN SYCKEL and GARRISON.

For the plaintiffs, *William H. Vredenburgh.*

For the defendants, *Frank P. McDermott.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This was an action for the mesne profits after a recovery in ejectment.

At the trial in the Circuit it was claimed that the plaintiffs were entitled to recover all their expenses incurred by them in the prosecution of the ejectment suit, such as counsel fees and other outlays of a similar character.

This claim was rejected by the trial judge, and, after consideration, we think such judicial action was correct. It is true that, in the case of *Den.* v. *Chubb,* reported in *Coxe* 466, it appears that the jury was instructed that, in assessing mesne profits, they might include in the damages all the plaintiff's reasonable and necessary expenses, including the fee to his counsel. But this was a *Nisi Prius* decision, made in the year 1795, and, so far as is known, has since never been relied upon or even referred to. It can, it is deemed, be confidently said that the principle thus adopted in this case has never been recognized in juridical practice in this state. It would be difficult to suggest any reason in support of such an anomaly. Why should a suitor be reimbursed the fees he pays his counsel in a procedure for recovering the possession of his land, when he cannot be so indemnified in an action to regain the possession of his personal property. In our courts such a usage has never obtained any foothold, nor has it in the English courts. The subject was considered and the true principle applied in the case of *Doe* v. *Filliter,* 13 *Mees. & W.* 53. The Chief Baron, in his opinion, thus states the law : "It has been said that a plaintiff in ejectment is entitled to a full indemnity, but he is not entitled to be in a better situation than any other plaintiff." And Baron Alder-

son expounds the doctrine more fully in this language: " The taxed costs are intended to be a full indemnity to the plaintiff for his expenses in getting back the land. That is the principle; whether it is fully carried out in practice is another matter. The question is, what is to be the criterion by which the costs of getting back the land are to be estimated?' A plaintiff in ejectment is in the same situation as other suitors, all of whom sue for their rights, and as other plaintiffs submit to have their costs taxed, so ought a plaintiff in ejectment." Whatever may be the practice in the courts of some of the other states in this country, the rule thus stated has always been, with the exception of the case reported in *Coxe,* universally adopted in the legal practice in this state.

In this particular this case was correctly tried.

With respect to the damages, we think they were reasonably adequate.

Let the rule be discharged.